## THIRD DEPARTMENT, DECEMBER, 1969

### (December 1, 1969)

■    NATHAN PERLMUTTER, Appellant, v. SYLVIA RIVKIN, as Administratrix of the Estate of IRVING RIVKIN, Deceased, Respondent.— HERLIHY, P. J.  Appeal by the plaintiff from an order and judgment of the Supreme Court at Special Term, entered in Sullivan County on April 5, 1965. Special Term denied a motion by the plaintiff for summary judgment dismissing the defendant's answer and counterclaims and granted summary judgment in favor of the defendant dismissing the plaintiff's complaint. Plaintiff commenced an action against the defendant as an escrow agent for the wrongful conversion of $6,000 in violation of a written escrow agreement. Plaintiff attached to his complaint the alleged agreement, one page of which was signed by him, dated "7/25/62", and authorizing a $9,000 payment due to "Steel Pool Fabricating Corp." to be made to defendant on plaintiff's behalf and another page with the same date and signed by defendant which, among other things, agrees to disburse $6,000 to plaintiff and $2,000 to himself from a total escrow of $9,000. The page signed by defendant specifies that he is to receive the $9,000 "pursuant to assignment Perl Supply Co. [plaintiff]". The defendant in his answer did not deny making the agreement with plaintiff, but asserted that the agreement

referred to was only "tentative" and was effective only "under certain circumstances" which did not occur. The defendant did not specify any circumstances which would make the agreement tentative and as a further defense alleged a novation witnessed by an agreement dated October 23, 1962. This latter agreement was attached to the answer and was not signed by the plaintiff. Pursuant to this alleged agreement made some three months after the agreement of July, 1962, which was signed by the defendant, the defendant's share of the escrow money for alleged services rendered (there is no itemized statement of such services) was increased by $3,000 to the sum of $5,000 whereas the plaintiff's share was reduced to a maximum of $1,044.55 and a minimum of nothing. The defendant did eventually disburse the sum of $5,000 to himself and the plaintiff received nothing other than a reimbursement for some subsequently performed work. Upon the present record, the papers on behalf of the defendant are sufficient to raise a question of fact as to a novation and, accordingly, Special Term properly denied plaintiff's motion for summary judgment dismissing the answer and awarding damages. However, there is nothing in the record to justify a final conclusion that there was in fact a novation in the face of plaintiff's denial of any agreement on his part to a novation. The plaintiff's denials were supported by an affidavit from a witness to the alleged subsequent agreement of October, 1962. A review of the exhibits handed up on this appeal by the defendant and purportedly being the same as referred to in the order of Special Term does nothing *more* than to emphasize the factual issue between these parties as to the question of a novation. The plaintiff, however, is entitled to summary judgment dismissing the counterclaims of the defendant based on libel and abuse of process. From all of the material submitted to the court upon this appeal, it is obvious that the defendant and the plaintiff were unfriendly toward each other prior to the commencement of this action. However, in *People ex rel. Bensky* v. *Warden of City Prison* (258 N. Y. 55, 59) it was held that statements made in the course of judicial proceedings are privileged if "material and pertinent to the questions involved". The question of what is material and pertinent "embraces anything that may possibly be pertinent" (*Andrews* v. *Gardiner,* 224 N. Y. 440, 445). Upon the present record, the allegation that defendant "converted the same [money] to his own use" was material and pertinent to the cause of action seeking recovery of escrow moneys and as a matter of law was privileged so that an action in libel will not be permitted. (See *Feldman* v. *Bernham,* 6 A D 2d 498, 500, affd. 7 N Y 2d 772; cf. *Wels* v. *Rubin,* 280 N. Y. 233.) The abuse of process cause of action by defendant (counterclaim) captioned: "For a second cause of action" is based upon the theory that the action was knowingly commenced when it was "without substance or merit". The defendant does not claim that process was used in a manner other than is ordinary and valid within the confines of this civil action. The defendant's facts are insufficient to show any attempt by plaintiff to accomplish some collateral object other than recovery of money pursuant to the escrow agreement of July, 1962. (See *Hauser* v. *Bartow,* 273 N. Y. 370, 374.) As noted above, the cause of action asserted by plaintiff has both substance and merit upon the present record, and unless the present action is terminated favorably to the defendant, there can be no cause of action for malicious prosecution. (See *Miller* v. *Stern,* 262 App. Div. 5, 8.) Order modified, on the law and the facts, so as to grant plaintiff's motion for summary judgment dismissing defendant's counterclaims and so as to deny defendant's motion for summary judgment dismissing plaintiff's complaint, and, as so modified, affirmed; and judgment as against plaintiff reversed and vacated accordingly; with costs to plaintiff. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Herlihy, P. J.