■ IRVING ANDERSON, Respondent, v. SNYDER TANK CORPORATION, Appellant, et al., Defendant.— Order unanimously affirmed, with costs. Memorandum: Plaintiff at the behest of his insurance carrier commenced an action for property damage to his vehicle in the amount of $1,905. He also instituted a personal injury action in Supreme Court against the same defendants arising out of the same occurrence, seeking damages in the amount of $75,000. Pursuant to the standard collision policy, benefits paid out to plaintiff for collision damage gave plaintiff's carrier a subrogation right to collect from any third party liable to plaintiff for such damage, and plaintiff would be required to execute and deliver all papers and instruments necessary to the insurance company in its prosecution of its rights as subrogee. In light thereof, plaintiff had little or no legal or equitable interest in the property damage claim involved in the City Court action and by reason of his obligation under his policy he had no control over the litigation. The collateral estoppel doctrine as enunciated in *Schwartz* v. *Public Administrator of County of Bronx* (24

N Y 2d 65, 71) establishes two requirements for its application: "New York Law has now reached the point where there are but two necessary requirements for the invocation of the doctrine of collateral estoppel. There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling." .While it is clear that the issues of negligence and contributory negligence are decisive of both the City Court and Supreme Court actions, it would not appear that plaintiff had a full and fair opportunity to contest the decision in the City Court action as contemplated by *Schwartz*. Plaintiff had no control over the City Court action which eventuated in an arbitration proceeding, to which it does not appear that he agreed and which resulted in a decision by the arbitrators in favor of the defendants of no cause of action. The entire financial interest in that claim was in the collision carrier, and the amount of money involved was comparatively insignificant in comparison to the $75,000 claim in the plaintiff's personal injury action against the same defendants. The sum involved does not give sufficient assurance that the same vigorous investigative and trial effort was put forth by counsel for the collision carrier as reasonably could be expected in prosecuting a substantial personal injury claim. Under all the circumstances presented, plaintiff has not had his day in court upon the issues affecting defendant's liability. The City Court determination, therefore, should not be given collateral estoppel effect. (Appeal from order of Erie Special Term denying motion to dismiss complaint in negligence action.) Present — Marsh, P. J., Moule, Simons, Mahoney and Del Vecchio, JJ.