■ MEMORY'S GARDEN, INC., Appellant, v EMMA D'AMICO, Respondent. (And Another Related Action.) — Appeal from an order of the Supreme Court at Special Term (Shea, J.), entered December 31, 1980 in Albany County, which granted defendant's motion to dismiss the complaints on the ground that the actions were barred by the Statute of Limitations. Two actions have been commenced, one by Memory's Garden, Inc., which is a not-for-profit corporation, and another by three of its officers and directors, to recover damages for defendant's allegedly defamatory remarks. Defendant made the statements in issue on January 25, 1978 during the course of a taped interview given at the request of the State Attorney-General, who was then investigating the alleged embezzlement of Memory's Garden, Inc., funds by Loren W. Lillis, its president. The Attorney-General's office thereafter delivered the tape to the Albany County District Attorney. After a Grand Jury's investigation was completed and no charges were levied, the tape was returned to the office of the Director of the Division of Cemeteries. On November 13, 1978, Loren W. Lillis attempted to obtain a transcript of defendant's remarks, but the State Cemetery Board refused to provide it. Her remarks were transcribed on April 26, 1979. Lillis then successfully brought suit under the Freedom of Information Act and, on April 2, 1980, was furnished a transcript of the taped interview. Shortly thereafter these actions were initiated. Slander causes of action accrue on the day the alleged slander is uttered, not on the date of discovery *(Rand v New York Times Co.,* 75 AD2d 417). The allegedly slanderous remarks having been spoken on January 25, 1978, the Statute of Limitations ran one year thereafter (CPLR 215, subd 3), well before these actions were commenced. The assertion that operation of the statute was tolled because the State of New York actively and intentionally prevented plaintiffs from obtaining the transcript is untenable. Nothing in the record suggests that defendant caused this delay or otherwise affirmatively concealed her claimed wrongdoing. Nor are we persuaded that defendant committed libel, for she merely responded to the Attorney-General's request that she make a statement. In no way did she procure, request, command or induce the printing of her remarks *(Schoepflin v Coffey,* 162 NY 12, 18). As she did not publish the allegedly scandalous statements, she is not chargeable with libel. Order affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.