■ IRVING ABELOW et al., Appellants, v HAROLD GROSSMAN et al., Respondents. IRVING ABELOW et al., Appellants, v HAROLD GROSSMAN et al., Respondents. — Judgment, Supreme Court, New York County (Sutton, J.), entered March 3, 1981, which (1) denied an application brought to declare void the removal of plaintiff-petitioner-appellant, Irving Abelow (Abelow), and the election of defendant-respondent, Howard Diamond (Diamond), as president of the professional corporation, Irving Abelow, M.D., Howard Diamond, M.D., Harold Grossman, M.D., P.C., at a directors meeting held September 30, 1975, and (2) dismissed the amended complaint, and adjudged defendants-respondents entitled to recover on their counterclaims as against Abelow, personally, in the sum of $147,330.65, entered following a nonjury trial, unanimously reversed, on the law and the facts, the petition granted, and the removal of Abelow and the election of Diamond as president of the professional corporation declared null and void, the judgment vacated, the amended complaint reinstated and the action remanded for a new trial, with costs to abide the event. A review of the record supports a finding that the trial court erred in fixing the relative rights of the parties under principles of partnership law, rather than, as was required, declaring Abelow and Grossman to be equal shareholders in the professional corporation. In 1971, Abelow and Grossman formed a professional corporation to engage in the practice of gynecology and obstetrics. The certificate of incorporation, dated October 1, 1971, authorized the issuance of 200 no-par shares of stock, which were issued equally to Drs. Abelow and Grossman. Two years later, Dr. Diamond joined the practice as an employee, with the expectation, however, of becoming an equal one-third shareholder. Although the corporate charter was amended to change the corporate name to include all three doctors, there was no amendment to authorize the issuance of additional shares to Diamond nor was there any agreement that Diamond would purchase the shares from either Abelow or Grossman. Although the parties undertook to practice their medical specialty as joint venturers, it does not appear that Diamond ever acquired any right or interest in the corporation. Therefore, he had no authority to act with Grossman in voting to remove Abelow as president of the professional corporation. To that extent, the purported meeting of the board of directors, held September 30, 1975, was null and void and did not affect the removal of Abelow nor the election of Diamond as president of the corporation. Accordingly, the petition should have been granted, with judgment entered for the relief sought therein and on the fourth cause of action in the amended complaint, declaring the removal of Abelow as director and as trustee of the corporate pension plan to be unlawful. We are in agreement that Trial Term erred in determining the relative rights of the parties as if they were partners, overlooking the operative facts which unquestionably established the existence of a medical practice through the device of a joint venture, with two of the joint adventurers holding

an equal stock interest in the corporation. It is clear that there is insufficient ground here to pierce the corporate veil, as was done by the trial court. The error, we find, so infected the accounting rendered by the Trial Justice, as to warrant a reversal and remand of the plenary action for a new trial. An appropriate accounting requires analysis at trial of the income and expenses during the period Drs. Abelow and Grossman were in practice as members of the professional corporation, in relation to the brief and limited period the corporation engaged in practice as a joint venture with Dr. Diamond. To aid the court upon the retrial, however, and to facilitate the expeditious disposition of the action, we have reviewed the allegations of the complaint and the counterclaims and find several to be legally deficient. Pending the retrial, counsel, if so advised, may make appropriate application to amend and correct the pleadings. The third, fifth and seventh causes of action alleged in the amended petition and amended complaint improperly seek relief, jointly, on behalf of both Abelow and the professional corporation, with no attempt to delineate the relief properly sought by Abelow, individually, from that sought in the name of the corporation. In light of our holding herein that there were only two stockholders, each holding a 50% stock interest in the corporation, an action could not be maintained in the name of the corporation, brought by one stockholder against another with an equal stock interest and degree of control over corporate affairs. The appropriate remedy in such a case is a stockholder's derivative action (see *Tidy-House Paper Corp. of N. Y. v Adlman,* 4 AD2d 619). The second cause of action, which apparently seeks injunctive relief to restrain defendants from interfering with the corporation and with Abelow's rights and interest therein, has been rendered academic as a result of (1) the death of Dr. Diamond during the pendency of the action and the substitution of his estate as a party defendant-respondent; (2) the deadlocked condition of the corporation; and (3) the fact that Drs. Abelow and Grossman have since separated and now maintain separate, individual practices. Likewise deficient are certain of the counterclaims interposed in the amended answer, in particular the eighteenth through twentieth counterclaims, which are patently insufficient, as a matter of law, and should be dismissed. Each alleges an individual claim on behalf of Grossman for defamatory utterances made by Abelow during prior proceedings in this very action. Clearly, such statements made in the course of the action would be absolutely privileged (see *Toker v Pollak,* 44 NY2d 211; *Martirano v Frost,* 25 NY2d 505; *Perlmutter v Rivkin,* 33 AD2d 809). Similarly, the fifteenth counterclaim, which purports to assert a claim sounding in prima facie tort, does not state a cognizable claim for relief. Prima facie tort affords a remedy for the intentional infliction of harm, without excuse or justification, by acts which would otherwise be lawful (*Board of Educ. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO,* 38 NY2d 397, 406; *ATI, Inc. v Ruder & Finn,* 42 NY2d 454, 458). The fifteenth counterclaim, however, merely reiterates allegations and claims embraced within and subsumed by the other claims for affirmative relief contained in the balance of the answer (see *Carroll v New York Prop. Ins. Underwriting Assn.,* 88 AD2d 527, mot for lv to app dsmd 57 NY2d 602). Moreover, no special damages have been alleged or shown, as is required (see *Susskind v Ipco Hosp. Supply Corp.,* 49 AD2d 915; *Carroll v New York Prop. Ins. Underwriting Assn., supra*). Concur — Sandler, J. P., Sullivan, Ross, Carro and Kassal, JJ.