■ CITY OF NIAGARA FALLS, Appellant, v PAUL M. RUDOLPH et al., Defendants, and T. A. BUSCAGLIA COMPANY, INC., Respondent. (And a Third-Party Action.) — Order unanimously affirmed, with costs. Memorandum: We agree with Special Term that plaintiff's claims based on the negligent performance of the heating, ventilating and air-conditioning contract are governed by the six-year Statute of Limitations (CPLR 213, subd 2) (see *Sears, Roebuck & Co. v Enco Assoc.,* 43 NY2d 389) and accrued no later than the date of final payment, March 11, 1975. Since the action was not commenced until May of 1982, the contract cause of action is time barred. Any claims based on negligence and not arising out of the contract accrued at the time the alleged injuries were sustained (see *Victorson v Bock Laundry Mach. Co.,* 37 NY2d 395, 403, 404) (i.e., when the work was done prior to March 11, 1975) not in 1981 when the heating, ventilating and air-conditioning systems were uncovered and the defective and negligently performed work was first discovered. We reject plaintiff's argument that reasons of fairness and public policy compel the adoption of the "discovery rule" in negligence cases against contractors (see *Matter of Steinhardt v Johns-Manville Corp.,* 54 NY2d 1008, app dsmd 456 US 967). We do not read *Queensbury Union Free School Dist. v Walter Corp.* (82 AD2d 204, app dsmd 55 NY2d 745) as requiring a different result. (Appeal from order of Supreme Court, Niagara County, Ostrowski, J. — dismiss complaint.) Present — Hancock, Jr., J. P., Doerr, Denman, Moule and Schnepp, JJ.