■ JOANNE E. BROWN, Respondent, v TONAWANDA HOUSING, INC., et al., Appellants.—Order unanimously reversed, on the law, without costs and motion granted. Memorandum: Plaintiff seeks rescission of a deed conveying her property to defendants and money damages for defendants' wrongful removal of topsoil from her property. Defendants moved for partial summary judgment dismissing the rescission cause of

action as untimely, and dismissing the conversion causes of action because they lacked merit as a matter of law. Special Term erred in denying the motion.

The gravamen of plaintiff's cause of action for rescission, as amplified by her affidavits in opposition to the motion, is that she did not intend to convey title to her property to defendants and that defendants used undue influence and fraudulently induced her to sign the deed. At most, plaintiff's allegations may establish a prima facie case of constructive fraud, but not actual fraud, because plaintiff has failed to allege that defendant intentionally deceived her or acted with a conscious disregard of plaintiff's rights (see, CPLR 3016 [b]; *Nasaba Corp. v Harfred Realty Corp.,* 287 NY 290, 294-295; *Studer v Bleistein,* 115 NY 316, 324; *Lanzi v Brooks,* 54 AD2d 1057, *affd* 43 NY2d 778; *Meese v Miller,* 79 AD2d 237). A cause of action for constructive fraud accrues at the time the alleged fraud was committed, not when it was discovered (see, *509 Sixth Ave. Corp. v New York City Tr. Auth.,* 15 NY2d 48; *Buttles v Smith,* 281 NY 226) and is subject to the six-year Statute of Limitations governing equitable actions in general (see, CPLR 213 [1]; *Hearn 45 St. Corp. v Jano,* 283 NY 139; *Curry v Chollette,* 57 AD2d 604; *cf. Quadrozzi Concrete Corp. v Mastroianni,* 56 AD2d 353). Since the constructive fraud alleged here occurred in April 1978 when the contract was executed, the action commenced in July 1984 was untimely and should have been dismissed.

Special Term also erred in denying defendants' motion for partial summary judgment dismissing plaintiff's second and fourth causes of action for conversion and wrongful removal of topsoil. Plaintiff has failed to establish the requisite element of ownership in the topsoil and has failed to establish that defendants' removal of it was unlawful. Plaintiff's possessory interest in the subject property entitles her only to the conveyance of sublot 56 in a "rough graded" condition with "the equivalent of four inches of topsoil on said lot piled in a convenient location". Since the lot has not yet been conveyed, plaintiff has no enforceable claim to the presence of any specified quantity of topsoil and has not alleged that the topsoil present on the lot is less than the amount to which she would be entitled upon conveyance. (Appeal from order of Supreme Court, Erie County, McGowan, J.—partial summary judgment.) Present—Dillon, P. J., Denman, Green, Balio and Lawton, JJ.