Edward **KIRKLAND**, Jr. and Catherine Kirkland, Plaintiffs,

v.

**AMERICAN TITLE INSURANCE COMPANY**, Defendant.

No. CV 88–1077.

United States District Court,
E.D. New York.

Aug. 23, 1988.

David Ullman, Brooklyn, N.Y., for plaintiffs.

Abelson, Goldston & Odesser, New York City, for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiffs Edward and Catherine Kirkland brought this civil action against defendant American Title Insurance Company ("ATICO") in the state court. Defendant removed this action to federal court based on diversity, and now moves pursuant to Fed.R.Civ.P. 12(b) to dismiss the action. In addition, plaintiffs seek to join a non-diverse party and thereby defeat the jurisdiction of this Court. For the reasons set forth below, plaintiffs' motion to join additional parties is denied, and defendant's motion to dismiss plaintiffs' complaint is granted.

## BACKGROUND

In 1973, Ed Kirkland purchased a piece of property in Huntington, New York. The next year, Owen and Jennie Carr ("the Carrs") purchased land adjacent to Kirkland. In order to protect their purchase, the Carrs obtained title insurance from American Title Insurance Company ("ATICO"), a Florida corporation, which would indemnify them for loss due to defective title. Plaintiffs allege that ATICO, on the basis of an erroneous title opinion, insured the conveyance to the Carrs plus a strip of land belonging to Kirkland. The Kirklands contend that this alleged breach of duty by ATICO resulted in slandering and clouding of their title, and that as a result they lost the benefit of a real estate deal regarding this land.

The Kirklands instituted this action in the Supreme Court of the State of New York, Suffolk County on March 9, 1988. Defendant ATICO removed the action to this federal district court on the basis of diversity. ATICO then moved to dismiss the action pursuant to Fed.R.Civ.P. 12(b). Before responding to ATICO's motion, the Kirklands sought to join in this action the Carrs, New York residents, as a necessary party in accord with Fed.R.Civ.P. 19(a). Joining the Carrs would destroy diversity jurisdiction and require remand of the case back to state court. Currently, the Kirklands have an action pending in state court solely against the Carrs to resolve the property overlap dispute. The questions now before the Court are (1) whether the Carrs are a necessary party to plaintiffs' negligence/slander of title suit against ATICO, and (2) whether, if the Court retains jurisdiction, plaintiffs have set forth a claim against defendant upon which relief may be granted.

## MOTION TO REMAND

Compulsory joinder is governed by Rule 19(a) of the Federal Rules of Civil Procedure, which states:

> A person ... shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest....

The outlined facts do not pose a risk that any of the present parties would not be accorded complete relief or would incur inconsistent obligations or have their interests impeded in any way should the Carrs

not be joined. The Kirklands have outlined several claims against ATICO which seek compensation for ATICO's allegedly tortious acts. Should the Kirklands be successful in their suit, all the damages would be paid by ATICO. There is no legal theory of contribution that would require the Carrs, an unrelated third party, to pay damages for the alleged wrongdoing of ATICO. In addition, ATICO is not at risk of "incurring double, multiple or inconsistent obligations." ATICO is not a party to the Kirkland's state court property dispute against the Carrs, and that case engenders no claim for tortious slander of title. The Kirklands will be able to obtain complete relief in this action without the Carrs. Also, the Kirklands' state court claim against the Carrs will be undisturbed by whatever decision is rendered in this court. The issues decided in the present case can have no adverse effect on the Carrs since the preclusive effect of res judicata or collateral estoppel apply only where *both* of the parties in the second action are also present in the first action. *See Tang v. Appellate Div. of N.Y.*, 487 F.2d 138, 143 (2d Cir.1973), *cert. denied*, 416 U.S. 906, 94 S.Ct. 1611, 40 L.Ed.2d 111 (1984); *Anderson v. Snyder Tank Corp.*, 44 A.D. 2d 761, 354 N.Y.S.2d 241 (2d Dep't 1974). It also bears note that the Carrs have asserted no legal interest in this action.

In addition, plaintiffs do not provide any supplemental pleadings against the Carrs, nor did they articulate in their motion papers or at oral argument any theory of liability against the Carrs for tortious slander of title. This Court is thus in the dark as to the nature of the claims plaintiffs would pursue against the Carrs in federal court, and fails to see what if any purpose joinder of the Carrs would serve. Plaintiffs simply contend that the Carrs are necessary parties because they are adjoining land owners and they hired ATICO. These facts, however, are insufficient to warrant joinder and compel plaintiffs to join the Carrs when they originally initiated the present suit in state court.

ATICO contends that plaintiffs' attempt to join the Carrs is nothing more than a thinly disguised tactic to attack the jurisdiction of this court and have the suit remanded to state court. In cases where joinder will necessitate a remand to the state court, the Court should pay particular attention to the motive underlying the plaintiffs motion. *Boyd v. Diebold*, 97 F.R. D. 720 (E.D.Mich.1983); *Shaw v. Munford*, 526 F.Supp. 1209, 1213 (S.D.N.Y.1981); 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3523 at 598–99 (1976). The fact that the Kirklands were obviously aware of the role the Carrs played and chose to sue them in an action separate from and based on a completely different theory than that against ATICO, indicates that their present attempt to join the Carrs now is motivated only be a desire to defeat federal jurisdiction.

The Court concludes that, in this properly removed action, the Carrs are not necessary parties and that complete resolution of this action can be accorded in their absence. Thus, this Court retains jurisdiction of this action and now turns to the merits of defendant's motion to dismiss.

## MOTION TO DISMISS

Plaintiffs' claims against ATICO include negligence, constructive fraud, slander of title, negligent infliction of mental distress and prima facie tort.

Defendant, *inter alia*, challenges all the above claims as time-barred by New York's statute of limitations. Defendant contends that because the alleged wrongful acts occurred in 1974, plaintiffs filed this action well beyond any of the statutory limits. New York's statute of limitations provides that negligence actions for injury to property must be commenced within three years after the cause of action arises. For constructive fraud and prima facie tort claims, suit must be commenced within six years, and for slander of title claims, one year after the cause of action arises. N.Y. Civ.Prac.Law §§ 214(4), (5), 213(1), (9), 215(3) (McKinney 1988).

The Kirklands argue that the statutes of limitations did not begin to run until the time they discovered ATICO's erroneous

title report, in 1986, while in the process of pursuing a real estate deal.

Starting with the negligence claims, the Court observes that the well-settled statutory period of limitation begins to run at the time the liability for the wrong arises, even if the injured party may be ignorant of the existence of the wrong or injury. *Steinhardt v. Johns–Manville Corp.*, 54 N.Y.2d 1008, 1010, 446 N.Y.S.2d 244, 246, 430 N.E.2d 1297, 1299 (1981), *cert. denied*, 456 U.S. 967, 102 S.Ct. 2226, 72 L.Ed.2d 840 (1982); *509 Sixth Ave. v. N.Y.C. Transit Authority*, 15 N.Y.2d 48, 51, 255 N.Y.S.2d 89, 91, 203 N.E.2d 486, 487 (1964) (citing *Schmidt v. Merchants Dispatch Co.*, 270 N.Y. 287, 200 N.E. 824 (1936)).

In *Steinhardt*, the plaintiffs asserted injuries caused by inhaling asbestos particles. The Court of Appeals, finding the suit to be time barred, held that "the cause of action occurred at the time of the [asbestos] invasion of the decedents' body, and not the time the condition became apparent." *Steinhardt v. Johns–Manville Corp.*, 54 N.Y.2d at 1010, 446 N.Y.S.2d at 246, 430 N.E.2d at 1299. The Court refused to adopt a "discovery rule" approach to the question of when the statute of limitations clock begins to tick. Currently such "discovery of injury" provisions are limited to certain medical malpractice claims, *see* N.Y.Civ.Prac.Law § 214–a (McKinney 1988), and certain professional relationship claims, notably in accounting, law and architecture. *See generally* N.Y. Civ.Prac.Law §§ 214, 214.6 note on legislative studies and reports (McKinney 1988). With no explicit adoption of a "discovery rule" for negligence cases against title abstracters, this Court is compelled to calculate the statutory period from the time the title report was first issued. *Cf. City of Niagara Falls v. Rudolph*, 97 A.D.2d 971, 469 N.Y.S.2d 42 (4th Dep't 1983) (claims for negligent installation of heating, ventilating and air conditioning contract time-barred, as the statute began to run from the time of installation not when defective work was first discovered six years later). Further, both parties agree that no professional relationship existed between the Kirklands and ATICO. Plaintiffs' negligence claim, and consequently the negligent infliction of mental distress claim, became time-barred in 1977.

Applying this rule to the facts at hand, the Court concludes that ATICO's alleged negligent act of "clouding" the Kirklands' title was the "invasion" that plaintiffs now complain about. This invasion occurred in 1974 when ATICO recorded the Carrs' deed. It is at that time when plaintiffs' claim for negligent slander of title first accrued. Plaintiffs' discovery of ATICO's negligence twelve years later is not the cause of action itself, but merely a consequence of it.

Plaintiffs' constructive fraud claim is barred as well since the cause of action accrues at the time the alleged fraud was committed, not when it was discovered. *Brown v. Tonawanda Housing, Inc.*, 123 A.D.2d 493, 507 N.Y.S.2d 92 (4th Dep't 1986). The Kirklands' constructive fraud claim expired in 1980, six years after the alleged fraudulent act was committed. *See* N.Y.Civ.Prac.Law § 213(9).

Similarly, plaintiffs' slander of title claim accrued on the day that the alleged slander was uttered, not on the date of discovery. *Memory Garden v. D'Amico*, 84 A.D.2d 892, 445 N.Y.S.2d 45 (3d Dep't 1981). Therefore, the one year statute of limitations expired in 1975. *See* N.Y.Civ. Prac.Law § 215(3).

Plaintiffs' prima facie tort claim, governed by N.Y.Civ.Prac. § 213(1), grants a six year period from the inception of the cause of action. Accordingly, the Kirklands' prima facie tort claim was not timely when they commenced this action in 1988. In sum, all of plaintiffs' claims against ATICO are time-barred and this action must be dismissed.

Although it is not necessary to address the remaining grounds defendant set forth in its motion to dismiss, the Court does note that New York law does not provide a basis for the cause of action the Kirklands bring against ATICO in this case because of the absence of any direct contractual relationship between ATICO and the Kirklands. *In Calamari v. Grace*, 98 A.D.2d 74, 469 N.Y.S.2d 942 (2d Dep't

1983), the court dismissed a grantor's claim against the grantee's title insurer for negligently insuring title to grantee. The court held that the title insurer is liable only to one with whom it has privity of contract. *Ultra Mares Corp. v. Touche, et al.,* 255 N.Y. 170, 174 N.E. 441 (1931). Since the Carrs, and not the Kirklands, purchased the title insurance, plaintiffs lack the requisite privity with ATICO and as a matter of law their negligence claims cannot be sustained.

In addition, plaintiffs' slander of title and prima facie tort claims are also on shaky ground. Plaintiffs do not allege that ATICO acted with malice issuing false statements concerning the Kirkland's property, as is required to support a claim for slander of title. *See Markowitz v. Republic National Bank of New York,* 651 F.2d 825 (2d Cir.1981). Nor do they allege any malicious acts committed by defendant that were intended to cause harm. *See Abelow v. Grossman,* 91 A.D.2d 553, 555, 457 N.Y. S.2d 30, 32 (1st Dep't 1982) (prima facie tort is "the intentional infliction of harm, without excuse or justification, by acts which would otherwise be lawful"). Finally, in the absence of any fiduciary relationship between ATICO and the Kirklands, the Kirklands cannot satisfy the prerequisite for their constructive fraud claim that they relied on false material representations of a fiduciary. *See Del Vecchio v. Nassau County,* 118 A.D.2d 615, 499 N.Y. S.2d 765 (2d Dep't 1986).

CONCLUSION

Plaintiffs' application that this Court join the Carrs as necessary parties and remand this case to the state court is denied. Defendant's motion to dismiss plaintiffs' complaint is granted. Defendant's motion for sanctions under Fed.R.Civ.P. 11 is denied.

The Clerk of the Court is directed to enter judgment in favor of the defendant dismissing plaintiffs' complaint.

SO ORDERED.