Sabrina PEREZ, Plaintiffs,

v.

The COUNTY OF NASSAU (including the Nassau County Police Department); Police Officers Anthony Campagna, John Bailey, and Christopher McCarthy, and Unknown John and/or Jane Doe(s), all in their official and individual capacities, Defendants.

No. 03–CV–1534 ADS WDW.

United States District Court, E.D. New York.

Dec. 23, 2003.

As Amended Dec. 23, 2003.

The Law Offices of Daniel Cherner by Dan Cherner, Esq., of Counsel, New York, NY, for Plaintiffs.

Lorna B. Goodman, Nassau County Attorney's Office by Carl Sandel, Deputy County Attorney, Mineola, NY, for Defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On March 31, 2003, Ruth Perez, Christina Perez, and Sabrina Perez (collectively, the "plaintiffs") commenced this action alleging that the County of Nassau, including the Nassau County Police Department, (the "County"), Police Officers Anthony Campagna ("Campagna"), John Bailey ("Bailey"), and Christopher McCarthy ("McCarthy") (collectively, the "Police Officers"), and the unknown John and/or Jane Does (collectively, the "defendants"), violated 42 U.S.C. § 1983 ("Section 1983") and New York State law. Presently before the Court is the defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed R. Civ. P.") on the ground that the plaintiffs' causes of action are time barred.

## I. BACKGROUND

### A. Factual Background

The following facts are relevant to the issues presently before the Court. The complaint asserts twenty-seven (27) causes of action against the defendants pursuant to Section 1983 for alleged constitutional violations stemming from the plaintiffs' arrest on March 18, 2000. The plaintiffs also assert the following state law causes of action: (1) false arrest; (2) false imprisonment; (3) malicious prosecution; (3) assault; and (4) battery.

The plaintiffs allege that on March 18, 2000, the Police Officers, among other things, attacked and assaulted the plaintiffs during a warrantless search of the premises located at 60 Monaco Avenue, Elmont, New York (the "Premises"); falsely charged, arrested, and imprisoned the plaintiffs; denied medical treatment to the plaintiffs; and failed to intervene to "prevent wrongful acts by other police officers perpetrated on Msses. Perez," Compl. ¶ 48. The plaintiffs further allege that the defendants maliciously prosecuted Christina Perez and Sabrina Perez. On January 24, 2002, Ruth Perez plead guilty to one count of obstructing governmental administration, a misdemeanor. Thereafter, on May 24, 2002, Christina Perez and Sabrina Perez each plead guilty to disorderly conduct, a violation, to resolve the criminal charges that were brought against them.

The complaint also alleges that the County engages in a pattern and practice of "permitt[ing] and tolerat[ing] illegal behavior by police officers," fails to maintain "a proper system for investigation," and fails to properly train and supervise its police officers. Compl. ¶ ¶ 77–80.

## B. Procedural Background

On March 31, 2003, the plaintiffs filed the complaint in this action. The complaint indicates that the Police Officers brought a lawsuit against the plaintiffs in New York State Supreme Court, County of Nassau arising out of the incidents which occurred on March 18, 2000 (the "State Court Action"). On November 6, 2002, the plaintiffs moved to amend their answer in the State Court Action. That motion was previously served on the Police Officers on November 5, 2002. That motion included a proposed amended answer containing counterclaims which consisted of substantially all of the same facts and claims that were plead in this case. On March 21, 2003, the Supreme Court, County of Nassau denied that motion. However, the plaintiffs failed to indicate the basis of the Supreme Court's denial and did not submit a copy of that decision to the Court.

Presently before the Court is the defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) on the basis that all of the plaintiffs' causes of action are time barred. The plaintiffs claim that their complaint is timely because it relates back to the proposed amended answer in the State Court Action pursuant to Rule 15(c) and New York Civil Procedure Law and Rules ("CPLR") § 203(e).

## II. DISCUSSION

### A. Standard of Review

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court should dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his complaint which would entitle her to relief. *King v. Simpson*, 189 F.3d 284, 287 (2d Cir.1999); *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir.1996). The Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Koppel v. 4987 Corp.*, 167 F.3d 125, 128 (2d Cir.1999); *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir.1997); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995).

### B. Section 1983

The plaintiffs' federal claims are based on Section 1983 which provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured ...

▉ Federal courts borrow the relevant state law limitation for personal injury actions for all section 1983 actions. *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *see also Pearl v. City of Long Beach*, 296 F.3d 76, 81 (2d Cir.2002); *Spigner v. City of New York, Bronx County, et al.*, 94 Civ. 8015, 1995 WL 747813, at *1 (S.D.N.Y. Dec.18, 1995). In New York, the applicable statute of limitations for section 1983 actions is three years. *See Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir.1994); *see also Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995). Thus, in order for a cause of action based on section 1983 to be timely, the plaintiff must commence the action within three years from the date that her cause of action accrued.

▉ Under federal law, an action accrues when a plaintiff knows or has reason to know of the alleged injury. *See Eagleston*, 41 F.3d at 871; *see also Spigner*, 1995 WL 747813, at *1. Here, the plaintiffs' Section 1983 claims stem directly from the incidents which allegedly occurred on March 18, 2000.

### 1. As to Sabrina Perez

▉ The complaint alleges that Sabrina Perez was a "minor" at the time of the March 18, 2000 incident. Compl. ¶ 10. CPLR § 208, which authorizes tolling of the statute of limitations during a period of infancy, states in part:

If a person entitled to commence an action is under a disability because of infancy ... at the time the cause of

action accrues, and the time otherwise limited for commencing the action is three years or more and expires no later than three years after the disability ceases ... the time within which the action must be commenced shall be extended to three years after the disability ceases ...

Therefore, Sabrina Perez had three years from July 1, 2000, the date on which she turned 18 years of age, to assert her causes of action pursuant to Section 1983. Because the complaint was filed on March 31, 2003, within three years of her eighteenth birthday, Sabrina Perez' Section 1983 causes of action are timely.

Accordingly, the defendants' motion to dismiss Sabrina Perez' Section 1983 claims is denied.

### 2. As to Ruth Perez and Christina Perez

As stated above, the plaintiffs' Section 1983 claims stem directly from the incidents which allegedly occurred on March 18, 2000. Therefore, Ruth Perez and Christina Perez had until March 18, 2003 to file their complaint with the Court—they failed to do so. The complaint was filed on March 31, 2003.

The plaintiffs maintain that their complaint is timely because under Rule 15(c) and CPLR § 203(e) the complaint relates back to the their proposed amended answer in the State Court Action. The Court disagrees.

### a. Rule 15(c)

▉ Rule 15(c) governs the relation back of amendments to pleadings and sets forth three instances when an amendment of a pleading will relate back to the date of the "original pleading." Rule 3 provides that a "civil action is commenced by *filing* a complaint with the Court." (emphasis added). Upon filing the complaint, the

statute of limitations is tolled. *Wilson v. Diocese of the New York Episcopal Church*, 96 Civ. 2400, 1998 WL 82921, at * 8 (S.D.N.Y.1998). Because the plaintiffs were not permitted to file their amended answer in the State Court Action, there is no "original pleading" that served to toll the statute of limitations.

The plaintiffs' reliance on *Bridgeway Corp. v. Citibank, N.A.*, No. 97 Civ. 8884(DC), 2003 WL 402790 (S.D.N.Y.2003) is misplaced. In *Bridgeway*, a summary judgment motion that was *"filed* and served . . . qualifie[d] as an 'original pleading' for purposes of the relating back provision of Rule 15(c)." *Bridgeway Corp.*, 2003 WL 402790, at * 2 (emphasis added). Unlike the situation at bar, in *Bridgeway*, the motion for summary judgment was actually filed and was "the document that initiated the action and put [the defendant] on notice that the claims in the [previous] action 'arose out of the conduct, transaction, or occurrence' that was the subject [of the previous action']." *Id.* (quoting Fed.R.Civ.P. 15(c)(2)). While, "[t]he rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide," *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 150 n. 3, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984), the Supreme Court also warned that:

> [p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts our of a vague sympathy for particular litigants. As we stated *in Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), "[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." ·

*Id.* at 152, 104 S.Ct. 1723. Because the plaintiffs were not permitted to file their amended answer in the State Court Action, **there** is no "original pleading" to which the complaint can relate back.

#### b. CPLR § 203

Rule 15(c)(1) indicates that "relation back is permitted by the law that provides the statute of limitations applicable to the action." Pursuant to CPLR § 203(e), the plaintiffs contend that the federal claims of Ruth Perez and Christina Perez are timely because they relate back to the proposed amended answer in the State Court Action. Section 203(e) governs actions that are terminated because of "death or by dismissal or voluntary discontinuance." None of these situations is alleged to be present in this case. However, CPLR § 203(f) [formerly § 203(e)] applies to "[c]laims in amended·pleading" and indicates that "a claim in an amended pleading is deemed to have been interposed at the time the claims in the original pleadings were interposed."

As explained above, because the plaintiffs were denied permission to amend their answer in the State Court Action, there is no "original pleading" to which this complaint can relate back. Accordingly, the Section 1983 causes of action of Ruth Perez and Christina Perez are untimely and the defendants' motion to dismiss their Section 1983 claims is granted.

### C. New York State Law Claims

#### 1. As to Ruth Perez and Christina Perez

Having dismissed all of the federal claims brought by Ruth Perez and Christina Perez, the Court will also dismiss any state law claims the plaintiff intended to bring pursuant to this Court's supplemental jurisdiction. *See Arroyo v. City of New York, et al.*, No. 99 Civ.

1458(JSM), 2003 WL 22211500, at * 3 (S.D.N.Y. Sept. 25, 2003) (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

### 2. As to Sabrina Perez

 Sabrina Perez also asserts causes of action under New York State law for (1) false arrest; (2) malicious prosecution, (3) false imprisonment; (4) assault; (5) battery; and (6) abuse of process. CPLR § 215(3) provides for a one year statute of limitations for actions to recover damages for false imprisonment, malicious prosecution, assault and battery. Also, under New York law, a false arrest claim is subject to a one year statute of limitations that runs from the date the plaintiff was released from custody. *See Coakley v. Jaffe,* 49 F.Supp.2d 615, 623 (S.D.N.Y. 1999). As stated above, it is alleged that Sabrina Perez was a minor at the time of the March 18, 2000 incident. CPLR § 208 provides that if the statute of limitations for a cause of action is less than three years, then the statute of limitations is extended by the period of the infancy. Sabrina Perez turned eighteen years old on July 1, 2000. Therefore, she had until July 1, 2001 to file a complaint asserting the causes of action for false arrest, false imprisonment, malicious prosecution, assault and battery. Because this complaint was brought on March 18, 2003, more than one year after the date that her infancy ended, the state law cause of actions for Sabrina Perez for false arrest, false imprisonment, malicious prosecution, assault and battery are time barred. *See* CPLR § 208.

 Although, the statute of limitations for abuse of process is the three year period for actions to recover damages for personal injuries, *Levine v. Sherman,* 86 Misc.2d 997, 384 N.Y.S.2d 685 (1976), the plaintiffs failed to affirmatively plead that they filed a notice of claim as required

when bringing a tort claim against a municipality or any of its officers, agents, or employees. *See Fincher v. County of Westchester,* 979 F.Supp. 989, 1002 (S.D.N.Y.1997); *Hardy v. New York City Health and Hosps. Corp.,* 164 F.3d 789, 793 (2d Cir.1999) ("[I]n federal court state notice-of-claim statutes apply to state law claims."); *see also Hyde v. Caputo,* No. 98 Civ. 6722(FB)(ASC), 2001 WL 521699, at *4 (E.D.N.Y. May 11, 2001); *see also* N.Y. Gen. Mun. L. §§ 50–e, 50–i(1)(a). "Failure to comply with provisions requiring notice and presentment of claims prior to commencement of litigation ordinarily requires dismissal." *Davidson v. Bronx Municipal Hospital,* 64 N.Y.2d 59, 61–62, 484 N.Y.S.2d 533, 473 N.E.2d 761 (1984).

Accordingly, the defendants' motion to dismiss the state law claims of Sabrina Perez is granted.

### III. CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED,** that the defendants' motion to dismiss the federal and state law claims of Ruth Perez and Christina Perez is **GRANTED**; and it is further

**ORDERED,** that the defendants' motion to dismiss the federal law claims of Sabrina Perez is **DENIED**; and it is further

**ORDERED,** that the defendants' motion to dismiss the state law claims of Sabrina Perez is **GRANTED**; and it is further

**ORDERED,** that the parties are directed to contact United States Magistrate Judge William D. Wall forthwith to schedule discovery; and it is further

**SO ORDERED.**