Howard v Sears, Roebuck & Co. (2004 NY Slip Op 50134(U))

[*1]

Howard v Sears, Roebuck & Co.

2004 NY Slip Op 50134(U)

Decided on March 11, 2004

Supreme Court, Kings County,

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 11, 2004

Supreme Court, Kings County,
 Nigel Howard, Plaintiff, vs.
against
Sears, Roebuck and Co., Defendant.
Index No. 5065/03

Yvonne Lewis, J.
Sears, Roebuck & Co. has moved this court, pursuant to CPLR 3211 (a) (5), for an order "dismissing plaintiff's complaint in its entirety on the grounds that plaintiff's causes of action are barred by the statute of limitations." It is the Defendant's contention that this action arose from the "alleged false detention and imprisonment of the plaintiff while he was employed as a security guard by Sears on February 11, 2000;" that "it is clear from the County Clerk's stamp on the summons that this action was commenced on February 10, 2003;" that "the summons and complaint were served on Sears on June 9, 2003;" that "the plaintiff's causes of action ['two sounding in intentional torts, the other purporting to sound in negligence'] are governed by the one year statute of limitations found in CPLR 215;" and, that the "Plaintiff thus commenced this action two years too late."
The Plaintiff acknowledges that "on or about February 11, 2000, on his day off from work, [he] plaintiff and his mother were walking through Kings Plaza Mall, in Brooklyn, NY. At some point, they were approached by defendant's agent [his] plaintiff's fellow security employee at defendant's retail premises located in the mall. [He} the plaintiff was told that he was needed at said premises for work immediately and to come and clock in. The ensuing twenty-four hours or so during which [he] plaintiff was detained and accused of stealing by defendant, arrested and subsequently released gave rise to the circumstances which are the subject of [his] plaintiff's cause of action." The Plaintiff adds, however, that it wasn't until on or about June of 2002, that he discovered ". . .that the Sears' security personnel present that day and directly responsible for the entire chain of events including Sears' head security had all been dismissed by Sears for theft." The Plaintiff extrapolates from that subsequent discovery the accrual of his cause of action for unlawful imprisonment, which he filed pro-se on February 10, 2003.
In essence, the Plaintiff is arguing that "the circumstances of this matter dictate that under New York Law [his] the plaintiff's claim is not time barred." In support of that contention the Plaintiff makes the following legal argument; to wit, that since CPLR §203 (g) provides that "where the time within which an action must be commenced is computed from the time when facts were discovered or from the time when facts could with reasonable diligence have been discovered, or from either of such times, the action must be commenced within two years after such actual or imputed discovery or within the period otherwise provided, computed from the [*2]time the cause of action accrued, whichever is longer," the dictate of CPLR §215(3) that an action for false imprisonment is to be commenced within one year is not controlling.
Plaintiff has also cross-moved to amend the original pro-se pleadings to reflect a breach of contract cause of action in accordance with the defendant's employee handbook; i.e., for its breach of ". . .an implied contract of good faith and fair dealing in its dealings with the plaintiff in the course of his employment."
 The case law is clear. A claim of false imprisonment has a one year statute of limitation that accrues at the point the individual is released from custody. (See CPLR §215(3), Coakley v. Jaffe, 49 F. Supp.2d 615; Perez v, Nassau County, 294 F. Supp.2d 386; and Wheeler v. State of New York, 104 AD2d 496, 479 NYS2d 244; Trayer v. State of New York, 90 AD2d 263). This one year period may be tolled, however, by infancy (See CPLR §208; Perez v. Nassau County, supra, 294 F. Supp.2d 386); or, by disability, such as 'bipolar disorder'(See CPLR §208; Wheeler v. State of New York, supra, 104 AD2d 496); or, could be completely overlooked if the claim is asserted as a counterclaim to "set off if it arose from the same 'transactions, occurences, or series of transactions or occurences,' which are the basis of the plaintiff's complaint."(See Gentile v. County of Suffolk, 711 F.Supp. 724). In addition, although "false arrest and imprisonment are recognized as continuing torts, their continuity is restricted to the period of actual restraint." (See Lucas v. Novogratz, 01/02/2003 NYLJ p. 20, col. 6; and Karen v. Abrams, 444 NYS2d 381).
Simply put, no case law was uncovered to support the Plaintiff's assertion that the commencement of a claim for false imprisonment is within two years, "computed from the time when facts were discovered or from the time when facts could with reasonable diligence have been discovered, or from either of such times." The fact is "currently, such 'discovery of injury' provisions are limited to certain medical malpractice claims. . .and certain professional relationship claims, notably in accounting, law and architecture.(Citing, CPLR §§214, 214.6; See also, Kirkland v. American title Ins. Co., 692 F. Supp. 153).
With regards to a claim for the "negligent infliction of mental distress," "it is now well recognized that a breach of duty resulting directly in emotional harm is compensable, and physical injury is no longer a necessary component" to recover damages for such a cause of action. (See Degaetano v. Berken, 5/24/2001 NYLJ, p. 25, col. 2; Polzer v. TRW, Inc., 682 NYS2d 194; and Brown v. New York City Health & Hospitals Corp., 225 AD2d 36, 648 NYS2d 880). "The touchstone, rather is fact-based assurance that the claim of emotional distress is genuine and not spurious"(See Kirkland v. American Title Insurance Co., supra, 692 F. Supp. 153, citing, Schulman v. The Prudential Ins. Co. of America, 226 AD2d 164, 640 NYS2d 112). In the within matter, the Plaintiff argues that his treatment in contravention of the Defendant employer's handbook negligently resulted in his emotional distress. This contention raises issues of fact which have not been addressed by the parties, and, therefore, will have to be determined by the fact finder or curtailed by way of subsequent summary judgment. In any event, since the cause of action sounds in negligence the applicable statute of limitations is three years (See CPLR §214; Kirkland v. American Title Insurance Co., supra, 692 F. Supp. 153); hence, this claim is not time barred.
"New York State neither recognizes a tort of wrongful discharge nor requires good faith in an at-will employment relationship." (See Franklin v. Con-Ed of NY, 11/9/99 NYLJ p. 38, col. 1, citing, Harrison, 6 F. Supp.2d 231).Plaintiff's request to amend his complaint so as to [*3]assert a claim for breach of contract against the defendant must be denied. His premise that his claim is undergirded by the Defendant's employee handbook is without merit. For an employee to successfully allege breach of contract based on an employee handbook, he must demonstrate "(1) an express written policy limiting [the employer's] right of discharge, and (2) detrimental reliance by the employee upon that policy." (See Franklin v. Con-Ed of NY, supra, 11/9/99 NYLJ p. 38, col. 1, citing Marfia, 147 F3d 88 and Harrison,suypra, 6 F. Supp.2d 231). In the matter sub judice, the Plaintiff voluntarily left the Defendant's employ.
On the basis of the foregoing, this Court finds that the Plaintiff's claim for unlawful imprisonment is time barred, in that the one year statute of limitations therefor has expired; that the claim for negligent infliction of emotional distress was timely interposed within its three year limitation; and, that the Plaintiff's claim for breach of contract is insufficient as a matter of law.
 This constitutes the decision and Order of this Court.
 JSC
Decision Date: March 11, 2004