CHARLOTTE LEZYNSKI, Individually and as Administratrix of the Estate of PETER LEZYNSKI, Deceased, Respondent, v. JOSEPH KASPRZYK et al., Defendants, and JOSEPH PANTERA et al., Appellants.

Fourth Department, March 20, 1953.

*Joseph F. Pantera* and *William L. Rieth* for appellants.

*Maurice Abloff* for respondent.

*Per Curiam.* This appeal is from an order denying a motion to dismiss the complaint under subdivision 5 of rule 107 of the Rules of Civil Practice on the ground that the cause of action did not accrue within the time limited for the commencement of an action thereon.

The gist of plaintiff's complaint is that the defendant Pantera by certain wrongful acts brought about an illegal foreclosure and sale of real estate in which plaintiff's intestate had an interest as tenant by the entirety. As we read the complaint, plaintiff does not seek to set aside the judgment in foreclosure but attempts to state a cause of action at law for the recovery of money damages resulting from the alleged wrong. The action therefore is not one for the recovery of real property or the possession thereof but purports to be an action to recover damages for injury to property. Such an action is subject to the three-year limitation set forth in subdivision 7 of section 49 of the Civil Practice Act.

The alleged wrong was completed upon the entry of the judgment of foreclosure and sale on August 28, 1933, and the cause of action, if any, accrued at that time. Plaintiff's intestate, however, was incompetent at that time and remained incompetent until his death on June 29, 1945. This action was commenced in April, 1952, nearly seven years later.

Section 60 of the Civil Practice Act prior to its amendment (L. 1951, ch. 263) effective September 1, 1951, provided that if a person entitled to maintain an action other than for the recovery of real property is at the time when the cause of action accrues, insane " the time of such disability is not a part of the

time limited in this article for commencing the action; except that the time so limited cannot be extended more than five years by any such disability except infancy ''. This action, therefore, became outlawed after eight years from the date of its accrual, namely, August 28, 1941.

The order appealed from should, therefore, be reversed and the motion granted.

All concur. Present — TAYLOR, P. J., McCURN, VAUGHAN, KIMBALL and PIPER, JJ.

Order reversed on the law, with $10 costs and disbursements and motion granted, with $10 costs.