■ JOHN M. REGAN et al., Appellants v. JOHN A. LANZE et al., Respondents. (Appeal No. 2.) — Order unanimously modified in accordance with memorandum and as modified affirmed, with costs to plaintiffs. Memorandum: It was error to dispose of this litigation by summary judgment dismissing the complaint and awarding judgment to defendants Lanze on their counterclaims. Both the buyers and the sellers demand specific performance of their purchase contract. Although plaintiffs' pleading also demands reformation of instruments affecting the premises presently owned by the sellers and instruments affecting an adjoining parcel (the Doland property) previously conveyed by the sellers out of the larger site originally acquired by them, it is apparent that their real objective is a judicial determination, description and location of the premises now owned by the sellers, conveyance of which will constitute specific performance of the sellers' contract obligation. Although the contract described the subject property as "No. 29 Hoyt Place. Lot size approximately 21' x 109' x 207' x 264' as per deed to you", and made no reference to the Doland property, plaintiffs assert and defendants do not dispute that the contract was executed by the parties with knowledge of that prior conveyance. Accordingly, there must be a determination of the location of the Doland parcel before there may be a determination of what conveyance by defendants to plaintiffs will constitute specific performance. Defendant Security Trust Co., mortgagee of the Doland property, is substantially interested in the resolution of this issue. At this point Security Trust has not yet served an answer in this litigation, since its motion to dismiss the complaint was granted at Special Term. Following our reversal of that dismissal (Appeal No. 435), the mortgagee is now in a position to respond to the complaint. Any determination of the location of the Doland parcel at this point would be premature. It will also be necessary to determine whether the property which defendants contracted to convey included the triangular area at the north end of the premises, which had previously been appropriated by the State. The property which was the subject of the appropriation — and which was not excepted by the contract — would seem to fall within the words of the description "as per deed to you" but without the measurements also stated in the description. If the appropriated area was within the contemplation of the parties a portion of the premises to be conveyed, plaintiffs might be entitled to an abatement of the contract price on account of defendants' inability to so convey. A trial is required following which a determination of the description of the property which defendants are bound by the contract to convey may be made. An action for slander of title is maintainable only on a showing of malice (5 Warren's Weed New York Real Property, Slander of Title, §§ 2.01, 3.01); the papers before us make no evidentiary showing of this element. Therefore summary judgment is granted dismissing the second counterclaim. Plaintiffs are similarly entitled to summary judgment dismissing the third counterclaim by which defendants seek reimbursement for broker's commissions. Since plaintiffs have by their supplemental brief agreed specifically to perform the contract, and such per-

formance can be directed after the description of the property has been fixed, plaintiffs are not liable for commissions under a provision of the contract, alleged in the answer, imposing liability if plaintiffs fail to complete their part of the agreement. (Appeal from part of order of Monroe Special Term granting summary judgment.) Present — Del Vecchio, J. P., Marsh, Witmer, Simons and Henry, JJ. .