■ JOHN HANBIDGE et al., Appellants, v F. CLAYTON HUNT et al., Respondents.—In an action, *inter alia,* to recover damages for slander of title, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Wager, J.), dated February 16, 1990, as granted those branches of the defendants' motion which were to dismiss the plaintiffs' second, third, fourth and fifth causes of action as time barred, and denied the plaintiffs' cross motion for leave to serve an amended complaint asserting a cause of action to recover damages for injury to property.

Ordered that the order is affirmed insofar as appealed, with costs.

The plaintiffs are the owners of a six-acre parcel of land situated in the Incorporated Village of Centre Island. In 1981 they sought Village approval to subdivide their six-acre lot into two three-acre lots. Their existing residence would sit on one of the three-acre lots while the other would be subject to future development. Village approval was ultimately obtained subject to the plaintiffs constructing a 22-foot wide right-of-way, including a 14-foot wide paved road between the parcels and Centre Island Road. This access road crosses the neighboring parcel of the defendants.

The defendants, who opposed the plaintiffs' subdivision application, recorded a "Notice of Easement and Right of Way" with the Nassau County Clerk in July 1984. This document acknowledged that the plaintiffs possessed an easement of ingress and egress across the defendants' land to reach the plaintiffs' property. The notice recorded by the defendants further purported to restrict any "attempted increase in the use of the said right-of-way and easement * * * as an overburdening of the right-of-way and easement and an infringement upon the property rights of [the defendants]". The plaintiffs allege that this unilateral declaration limiting the use of the easement serving their property has damaged them, among other things, by causing a prospective purchaser of their property to refuse to enter into a contract of sale, and that it has placed a cloud on their title. The plaintiffs first learned of this notice in or about July 1987 when the prospective purchaser refused to enter into the contract of sale.

On December 3, 1988, the plaintiffs commenced this action to recover damages for slander of title, and demanding that

the "Notice of Easement and Right of Way" be canceled on the records of the Nassau County Clerk. The defendants raised the defense that the action was barred by the applicable Statute of Limitations, and sought summary judgment dismissing the complaint on that ground. The plaintiffs cross-moved for leave to serve an amended complaint to add a cause of action to recover damages for injury to property. The court dismissed the plaintiffs' second through fifth causes of action as time barred, and denied their cross motion on the ground that a cause of action to recover damages for injury to property was also time barred. The plaintiffs' first cause of action seeking cancellation of the notice was not disturbed. We now affirm.

"There is no doubt that the act of wrongfully filing of record an unfounded claim to the property of another is actionable as slander of title" (Annotation, *Recording of Instrument Purporting to Affect Title as Slander of Title,* 39 ALR2d 840, 842). "The wrongful filing for record of a document which casts a cloud upon another's title to or interest in realty is clearly such an act of publication as to give rise to an action for slander of title, if provable damages result" (Annotation, *Recording of Instrument Purporting to Affect Title as Slander of Title,* 39 ALR2d 840, 843; *see also, Brown v Bethlehem Terrace Assocs.,* 136 AD2d 222). A cause of action sounding in slander of title is governed by a one-year Statute of Limitations *(see,* CPLR 215 [3]; 44 NY Jur 2d, Defamation and Privacy, § 183). "It has generally been held that the cause of action to recover damages for slander of title based upon the recording of an unfounded claim to the property of another does not arise until damages actually result, so that the period of limitations begins to run, not from the date of the initial recording, but from the time a prospective sale is lost because of the cloud on plaintiff's title" (Annotation, *Recording of Instrument Purporting to Affect Title as Slander of Title,* 39 ALR2d 840, 860-861; *see also, Kirkland v American Tit. Ins. Co.,* 692 F Supp 153, 156). On July 23, 1987, a prospective purchaser of one of the plaintiffs' three-acre parcels learned of the notice of easement and contemporaneously notified the plaintiffs that, based upon that notice, he was refusing to enter into the $580,000 contract of sale. Thus, the plaintiffs' causes of action sounding in slander of title accrued on or about July 23, 1987, when they learned of the defendants' alleged intentional wrongdoing. The one-year period of limitations thus expired on July 23, 1988. Inasmuch as the plaintiffs commenced this action on December 3, 1988, approximately one-year and four

months after the accrual of their cause of action, their causes of action sounding in slander of title are time barred.

Moreover, we find that the court did not improvidently exercise its discretion in denying the plaintiffs' cross motion to amend their complaint to assert a cause of action to recover damages for injury to property. Although governed by a three-year Statute of Limitations, this cause of action accrued in July 1984, when the defendants filed the "Notice of Easement and Right of Way". Therefore, it too was untimely (see, CPLR 214 [4]; 203 [a]; see, Citibank v Suthers, 68 AD2d 790, 795; Lezynski v Kasprzyk, 281 App Div 346, affd 306 NY 900).

We have examined the plaintiffs' remaining contentions and find them to be without merit. Bracken, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.