■ JOSEPH DiPIETRO, Appellant, v CITY OF NEW ROCHELLE, Respondent, et al., Defendants. [658 NYS2d 319] —In an action to recover damages for negligence, breach of contract, and fraud, the plaintiff appeals from an order of the Supreme Court, Westchester County (Coppola, J.), entered March 7, 1996, which granted the motion of the defendant City of New Rochelle to dismiss the complaint insofar as asserted against it on the ground that the claims asserted in the complaint were barred by the Statute of Limitations.

Ordered that the order is affirmed, with costs.

On May 1, 1970, the County of Westchester conveyed certain parcels of property to the defendant City of New Rochelle (hereinafter, the City). The deed for the conveyance was duly recorded on May 22, 1970. The deed contained a provision that

the property was to be used solely for park and recreation purposes, and in the event that the premises were put to any other use or were not put to park and recreation use within five years of December 15, 1969, the land would revert to the County of Westchester. The City never put the property to park and recreation use, but on March 22, 1983, conveyed it to the plaintiff without seeking the consent of the County. The plaintiff allegedly did not learn of the reverter condition until early November 1994.

The court properly concluded that the plaintiff's causes of action to recover damages for negligence and breach of contract were barred by the three-year and the six-year Statutes of Limitations, respectively, since these causes of action accrued at the time of the conveyance of the property from the City to the plaintiff, approximately 12 years before the plaintiff interposed his claims (*see,* CPLR 213 [2]; 214 [4]; *Hanbridge v Hunt,* 183 AD2d 700, 702; *Ely-Cruikshank Co. v Bank of Montreal,* 81 NY2d 399, 402; *Tal-Spons Corp. v Nurnberg,* 213 AD2d 395, 396). The cause of action to recover damages for fraud is also barred by the six-year Statute of Limitations, as the plaintiff had knowledge of certain statements about the reverter provision from the title report and the title policy, and could have discovered the conditions of the reverter provision through the exercise of due diligence at the time of the conveyance of the property from the City (*see,* CPLR 203 [g]).

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.