Matter of Thomas (US Pack Logistics, LLC--Commissioner of Labor) (2020 NY Slip Op 07642)





Matter of Thomas (US Pack Logistics, LLC--Commissioner of Labor)


2020 NY Slip Op 07642


Decided on December 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

530311

[*1]In the Matter of the Claim of Aston R. Thomas, Respondent. US Pack Logistics, LLC, Appellant. Commissioner of Labor, Respondent.

Calendar Date: November 24, 2020

Before: Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Peter Fidopiastis, Queensbury, for appellant.
Law Offices of Catherine A. Barber, Guilderland (Catherine A. Barber of counsel), for Aston R. Thomas, respondent.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for Commissioner of Labor, respondent.



Pritzker, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 17, 2019, which ruled that US Pack Logistics, LLC was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
US Pack Logistics, LLC is in the business of facilitating the logistics of, among other things, deliveries for its clients. Claimant applied for and was hired by US Pack to pick up and deliver blood samples for one of its clients. The Unemployment Insurance Appeal Board determined that claimant was an employee of US Pack and that US Pack was liable for unemployment insurance contributions on remuneration paid to claimant and those similarly situated. US Pack appeals.
We affirm. "Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the Board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Thorndike [Penn Mut. Life Ins. Co.-Commissioner of Labor], 185 AD3d 1255, 1255 [2020] [internal quotation marks and citations omitted]; see Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d 131, 136 [2020]). "Traditionally, the Board considers a number of factors in determining whether a worker is an employee or an independent contractor, examining all aspects of the arrangement. But the touchstone of the analysis is whether the employer exercised control over the results produced by the worker or the means used to achieve the results" (Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d at 137 [internal quotation marks, brackets and citations omitted]).
Upon our review of the record, we find substantial evidence to support the Board's finding of an employer-employee relationship. The record reflects that claimant was assigned specific workdays and hours by US Pack's operations manager and was issued an identification badge bearing US Pack's name. Claimant was required to sit in the client's parking lot during set hours — for which he was paid a set fee — and wait for US Pack to contact him with assignments. The client would notify US Pack about assignments, which, in turn, would call claimant to retrieve the assignments. Claimant was required to call dispatch at US Pack once the assignments were loaded into his car. Once a delivery was completed, claimant was required to call dispatch again, providing the name of the person who accepted the delivery and the time delivery was complete, before moving onto the next delivery. Although claimant could refuse an assignment, he testified that when he did, he was told he could be fired, and the following day was punished by being passed over for assignments. Some compensation was negotiated, although claimant testified that US Pack set the compensation of some [*2]of the deliveries.
Although the record establishes that claimant used his own vehicle and was not reimbursed any expenses, the record nevertheless supports the Board's conclusion that US Pack exercised sufficient supervision, direction and control over significant aspects of claimant's work to establish an employer-employee relationship (see Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d at 139-140; Matter of Ramlall [Medical Delivery Servs.-Commissioner of Labor], 182 AD3d 960, 961 [2020]; Matter of Crystal [Medical Delivery Servs.-Commissioner of Labor], 150 AD3d 1595, 1597 [2017]; Matter of Voison [Dynamex Operations E., Inc.-Commissioner of Labor], 134 AD3d 1186, 1187-1188 [2015]; Matter of Mitchum [Medifleet, Inc.-Commissioner of Labor], 133 AD3d 1156, 1157 [2015]). To the extent that US Pack challenges the Board's finding that an employment relationship applies to others similarly situated, we find it to be without merit (see Matter of Mitchum [Medifleet, Inc.-Commissioner of Labor], 133 AD3d at 1157-1158). We have reviewed US Pack's remaining contentions and find them to be without merit.
Lynch, J.P., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.