Davis v Augoustopoulos (2021 NY Slip Op 05772)





Davis v Augoustopoulos


2021 NY Slip Op 05772


Decided on October 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 21, 2021

Before: Renwick, J.P., Kapnick, Scarpulla, Rodriguez, Higgitt, JJ. 


Index No. 160905/19 311836/17 Appeal No. 14440 Case No. 2020-02284 

[*1]Carol Davis, et al., Plaintiffs-Appellants,
v
Anastasia Natasha Augoustopoulos, Defendant-Respondent, Peter Davis, Defendant.


Yankwitt LLP, White Plains (Alicia A. Tallbe of counsel), for appellants.
Rosenberg Feldman Smith, LLP, New York (Stephen J. Sassoon of counsel), for respondent.



Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered on or about May 12, 2020, which granted defendant Augoustopoulos's motion to dismiss the complaint, after converting it to a motion for summary judgment pursuant to CPLR 3211(c), unanimously reversed, on the law, without costs, and the motion denied.
Plaintiffs commenced this action pursuant to RPAPL article 15, seeking to quiet title to real property. In the complaint, plaintiffs allege that in 2001, codefendant Peter Davis, their son, purchased a four-story brownstone in Manhattan that was divided into four apartments. According to plaintiffs, before Davis closed on the property, they entered into a contract with their son pursuant to which plaintiffs would pay their son $350,000 in exchange for 25% ownership interest in the brownstone and exclusive possession of the ground floor apartment. Pursuant to the agreement, plaintiffs further allege, they paid the $350,000 and have remained in exclusive possession of the ground floor. In this action, plaintiffs seek to amend the deed of the subject property to correct the mistake that the deed does not reflect their 25% interest in the property. However, in a divorce action, which has been consolidated with this action, defendant Augoustopoulos, who is married to Peter Davis, has contested plaintiffs' rights in the property.
Defendant Augoustopoulos moved to dismiss the action pursuant to CPLR 3211(a)(5), arguing that the cause of action seeking to quiet title under RPAPL article 15 actually asserted a breach of contract claim, which was barred by the six-year statute of limitations under CPLR 213(2). In reply, defendant further argued that the pleadings were insufficient to state a statutory quiet title action. Plaintiffs' action was dismissed on the pleadings. For the reasons that follow, we reverse. Preliminarily, the motion court correctly found that the claim at issue seeks to quiet title, which can be brought at any time while the claimant is in possession (Faison v Lewis, 25 NY3d 220, 229 [2015]) or within 10 years under CPLR 212(a). However, having determined that the purely legal statute of limitations argument was inapplicable, the court should not have converted defendant's motion to dismiss into a motion for summary judgment under CPLR 3211(c), since plaintiffs did not agree to "charting a summary judgment course," and the case did not involve a "purely legal question without any disputed issues of fact" (Brathwaite v Frankel, 98 AD3d 444, 444-445 [1st Dept 2012]). Conversion of the motion prejudiced plaintiffs, who had no opportunity to respond to the contentions raised by defendant for the first time in reply (see Maddicks v Big City Props., LLC, 163 AD3d 501, 502 [1st Dept 2018], affd 34 NY3d 116 [2019]).
In any event, defendant's substantive arguments in support of dismissal are unavailing. "To maintain a cause of action to quiet title [to real property], a plaintiff must allege actual or constructive possession [*2]of the property and the existence of a removable cloud on the property, which is an apparent title to the property, such as in a deed or other instrument, that is actually invalid or inoperative" (Zuniga v BAC Home Loans Servicing, L.P., 147 AD3d 882, 883 [2d Dept 2017]; see RPAPL 1515; RPAPL 1501[1]). Here, the complaint adequately alleges facts that, if established, could support a finding that plaintiffs attained equitable title arising from the contract of sale they allegedly entered into with codefendant Peter Davis for 25% of the property, as well as their payment of the agreed price and exclusive and actual occupancy of an apartment in the property (see Heritage Art Galleries v Raia, 173 AD2d 441 [2d Dept 1991] [a contract vendee may assert equitable title to support an action to quiet title under RPAPL article 15]; Karp v Twenty Three Thirty Ryer Corp., 185 Misc 440, 443 [Sup Ct, Bronx County 1945] ["by virtue of the contract, the plaintiff . . . attained a status which entitled him to maintain the second cause of action pursuant to the provisions of article 15"], affd 270 App Div 758 [1st Dept 1946]). Defendant's contentions, including that plaintiffs did not take actual or constructive possession, are factual arguments that contradict the pleadings and therefore do not warrant dismissal of the action.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2021