Deutsche Bank Natl. Trust Co. v Kreitzer (2022 NY Slip Op 01441)





Deutsche Bank Natl. Trust Co. v Kreitzer


2022 NY Slip Op 01441


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2019-11191
 (Index No. 677/15)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Karen Kreitzer, appellant, et al., defendant.


Charles R. Cuneo, P.C., Huntington, NY, for appellant.
Stradley Ronon Stevens & Young, LLP, New York, NY (Matthew B. Johnson and Jacqueline Aiello of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Karen Kreitzer appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered February 6, 2019. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court entered April 11, 2017, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Karen Kreitzer, to strike her answer with affirmative defenses, and for an order of reference, and denying that defendant's cross motion, inter alia, pursuant to CPLR 3025 for leave to amend her answer to assert the affirmative defense of lack of standing, and upon an order of the same court entered April 14, 2017, granting the same relief to the plaintiff, denying the same relief to the defendant, and referring the matter to a referee to ascertain and compute the amount due to the plaintiff, granted the plaintiff's motion, inter alia, to confirm a referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law and in the exercise of discretion, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Karen Kreitzer, to strike her answer with affirmative defenses, and for an order of reference are denied, that branch of the cross motion of the defendant Karen Kreitzer which was pursuant to CPLR 3025 for leave to amend her answer to assert the affirmative defense of lack of standing is granted, and the orders entered April 11, 2017, and April 14, 2017, are modified accordingly.
In August 2005, Karen Kreitzer (hereinafter the defendant) borrowed $425,000 from Fremont Investment & Loan (hereinafter Fremont). The loan was secured by a mortgage on property in Long Beach (hereinafter the 2005 mortgage). On August 10, 2006, the 2005 mortgage was assigned to Option One Mortgage Corporation (hereinafter Option One). On August 16, 2006, the defendant borrowed $152,938.77 from Option One, and the loan was secured by a second mortgage on the same property (hereinafter the 2006 mortgage). Also on August 16, 2006, the defendant executed a consolidation, extension, and modification agreement (hereinafter CEMA), consolidating the 2005 mortgage and the 2006 mortgage. In February 2009, the consolidated mortgage was assigned to the plaintiff.
In January 2015, the plaintiff commenced this action to foreclose the consolidated mortgage, alleging that the defendant defaulted under its terms by failing to make the payments due on September 1, 2008, and thereafter. The defendant filed a pro se verified answer denying the allegations in the amended complaint.
The plaintiff moved, inter alia, for summary judgment on the complaint, to strike the defendant's answer with affirmative defenses, and for an order of reference. The defendant opposed the motion and cross-moved, inter alia, pursuant to CPLR 3025 for leave to amend her pro se answer to assert an affirmative defense of lack of standing. The plaintiff opposed the cross motion. By order entered April 11, 2017, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. By order entered April 14, 2017, the court, inter alia, granted the same relief to the plaintiff, denied the same relief to the defendant, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
After the referee issued an oath and report, the plaintiff moved to confirm the report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale entered February 6, 2019, the Supreme Court, inter alia, granted the plaintiff's motion and directed the sale of the subject property. The defendant appeals.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002 [internal quotation marks omitted]; see Hudson City Sav. Bank v Genuth, 148 AD3d 687). Pursuant to UCC 3-804, where the plaintiff seeks to enforce a note that is lost, destroyed, or stolen, the plaintiff is required to submit "due proof of [the plaintiff's] ownership, the facts which prevent [its] production of [the note,] and its terms" (see Weiss v Phillips, 157 AD3d 1; US Bank N.A. v Richards, 155 AD3d 522).
Here, in support of its motion for summary judgment, the plaintiff submitted, among other things, the 2005 mortgage and the 2006 mortgage, the CEMA, and a lost note affidavit of a representative of the plaintiff's loan servicer, to which was annexed a copy of the consolidated note. However, the affidavit was insufficient to establish the facts preventing the production of the note (see Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d 1043, 1044-1045). Since the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer with affirmative defenses, and for an order of reference should have been denied regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Furthermore, under the circumstances of this case, the Supreme Court should have granted that branch of the defendant's cross motion which was pursuant to CPLR 3025(b) for leave to amend her answer to assert the affirmative defense of lack of standing (see US Bank N.A. v Blake-Hovanec, 191 AD3d 821; GMAC Mtge., LLC v Coombs, 191 AD3d 37, 47-50). Leave to amend a pleading should be freely granted (see CPLR 3025[b]). In the absence of prejudice or surprise to the opposing party, a motion to amend should be granted unless the proposed amendment is palpably insufficient or patently devoid of merit (see Wells Fargo Bank, N.A. v Confino, 175 AD3d 536, 537). "Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine" (U.S. Bank, N.A. v Sharif, 89 AD3d 723, 724 [internal quotation marks omitted]). Here, contrary to the plaintiff's contention, the defendant did not waive the affirmative defense of lack of standing (see RPAPL 1302-a).
In light of our determination, we need not reach the defendant's remaining contentions.
IANNACCI, J.P., RIVERA, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court