Kennedy v Bracey (2023 NY Slip Op 04425)

Kennedy v Bracey

2023 NY Slip Op 04425

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-00772
 (Index No. 611782/18)

[*1]Claire M. Kennedy, et al., plaintiffs-respondents,
v
Alexander Bracey, etc., defendant-respondent, Steven F. West, etc., appellant, et al., defendants.

Barbiero, Bisch & O'Connor, LLP, Melville, NY (Jessica A. Moreno and Joseph M. O'Connor of counsel), for appellant.
Letitia James, Attorney General, New York, NY (David Lawrence III and Kwame Akosah of counsel), for defendant-respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the defendant Steven F. West appeals from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated December 29, 2020. The order, insofar as appealed from, granted the motion of the defendant Alexander Bracey to so-order a stipulation to discontinue the action insofar as asserted against him and to amend the caption accordingly, and denied the cross-motion of the defendant Steven F. West for leave to amend his answer to assert cross-claims against the defendant Alexander Bracey for indemnification and contribution and to deem his proposed amended answer served nunc pro tunc.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying the cross-motion of the defendant Steven F. West for leave to amend his answer to assert cross-claims against the defendant Alexander Bracey for indemnification and contribution and to deem his proposed amended answer served nunc pro tunc, and substituting therefor a provision granting the cross-motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the cross-claims asserted by the defendant Steven F. West against the defendant Alexander Bracey are converted into third-party causes of action.
In June 2018, Claire M. Kennedy (hereinafter the injured plaintiff), and her husband suing derivatively, commenced this action to recover damages for medical malpractice against, among others, the defendants Alexander Bracey, Steven F. West, and Mohamed Mansour.
In April 2020, the plaintiffs executed a stipulation to discontinue the action insofar as asserted against Bracey. Thereafter, Bracey moved to so-order the stipulation and to amend the caption accordingly. West cross-moved for leave to amend his answer to assert cross-claims against Bracey for indemnification and contribution and to deem his proposed amended answer served nunc pro tunc. In an order dated December 29, 2020, the Supreme Court, inter alia, granted Bracey's motion and denied West's cross-motion. West appeals.
"In the absence of prejudice or surprise to the opposing party, a motion to amend should be granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Deutsche Bank Natl. Trust Co. v Kreitzer, 203 AD3d 800, 803; see Gurewitz v City of New York, 175 AD3d 655, 657). Here, West's proposed amendments were not palpably insufficient or patently devoid of merit, and there was no showing of prejudice or surprise to Bracey. Thus, the Supreme Court improvidently exercised its discretion in denying West's cross-motion for leave to amend his answer to assert cross-claims against Bracey for indemnification and contribution and to deem his proposed amended answer served nunc pro tunc (see Wells Fargo Bank, N.A. v Confino, 175 AD3d 536, 538; Weber v Purow, 89 AD3d 728).
West's remaining contentions either need not be reached in light of our determination or are without merit.
Since the action was discontinued insofar as asserted against Bracey, we convert the cross-claims asserted by West against Bracey into third-party causes of action (see Sooklall v Morisseav-Lafague, 185 AD3d 1079, 1082; Muy v Robert Bosch Power Tool Corp., 80 AD3d 681).
CONNOLLY, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court