Irizarry v Rosselli (2024 NY Slip Op 04065)

Irizarry v Rosselli

2024 NY Slip Op 04065

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LILLIAN WAN, JJ.

2021-02653
2021-07797
 (Index No. 519320/18)

[*1]Kermit Irizarry, plaintiff, 
v
Patricia Rosselli, defendant third-party plaintiff-respondent, Joseph Passalacqua, defendant third-party defendant-appellant, et al., defendant; Rosalie Passalacqua, third-party defendant- appellant, Gary Rosen Law Firm, P.C., et al., third-party defendants-respondents, et al., third-party defendants.

Ondrovic & Platek, PLLC, White Plains, NY (Jeremy D. Platek of counsel), for defendant third-party defendant-appellant Joseph Passalacqua and third-party defendant-appellant Rosalie Passalacqua.
Abrams Fensterman LLP, Brooklyn, NY (Robert A. Spolzino and Anthony J. Genovesi, Jr., of counsel), for defendant third-party plaintiff-respondent Patricia Rosselli.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party defendant Joseph Passalacqua and the third-party defendant Rosalie Passalacqua appeal from (1) an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated April 8, 2021, and (2) an order of the same court dated August 30, 2021. The order dated April 8, 2021, insofar as appealed from, denied the motion of the defendant third-party defendant Joseph Passalacqua and the third-party defendant Rosalie Passalacqua, in effect, pursuant to CPLR 3211(a) to dismiss the third-party complaint insofar as asserted against them. The order dated August 30, 2021, denied the motion of the defendant third-party defendant Joseph Passalacqua and the third-party defendant Rosalie Passalacqua pursuant to CPLR 3025(b) for leave to serve an amended answer to the third-party complaint. The appeal by the third-party defendants Gary Rosen Law Firm, P.C., and Gary Rosen was deemed dismissed pursuant to 22 NYCRR 1250.10(a).
ORDERED that the order dated April 8, 2021, is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant third-party defendant Joseph Passalacqua and the third-party defendant Rosalie Passalacqua which was, in effect, pursuant to CPLR 3211(a) to dismiss the third-party cause of action alleging slander of title insofar as asserted against them, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated April 8, 2021, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order dated August 30, 2021, is affirmed, without costs or [*2]disbursements.
In 1999, the defendant third-party plaintiff Patricia Rosselli conveyed a portion of property located in Kings County and designated on the tax map of the City of New York as Block 8123, Lot 26, to the defendant third-party defendant Joseph Passalacqua (hereinafter Joseph) and the third-party defendant Rosalie Passalacqua (hereinafter together the Passalacquas). For several years thereafter, the Passalacquas and Rosselli failed to split the lot and obtain a new tax lot number (see Rosselli v Passalacqua, 163 AD3d 596). According to Rosselli, in 2011, in order to accomplish the lot split unilaterally, the Passalacquas executed and recorded a declaration (hereinafter the declaration) stating that the Passalacquas were each 50% owners of Block 8123, Lot 26 (hereinafter Lot 26), without specifying that such ownership only was for part of Lot 26.
In 2018, the plaintiff, Kermit Irizarry, commenced a personal injury action against Rosselli and Joseph, among others, asserting that he fell on a sidewalk in the vicinity of their properties. Rosselli then commenced a third-party action against, among others, the Passalacquas, seeking common-law indemnification, to recover damages for slander of title arising from the filing of the declaration, and to quiet title to her portion of Lot 26. The Passalacquas served an answer and subsequently moved, in effect, pursuant to CPLR 3211(a) to dismiss the third-party complaint insofar as asserted against them. In an order dated April 8, 2021, the Supreme Court, inter alia, denied the Passalacquas' motion. The Passalacquas then moved pursuant to CPLR 3025(b) for leave to serve an amended answer to the third-party complaint to include the affirmative defense of the statute of limitations. In an order dated August 30, 2021, the court denied the motion. The Passalacquas appeal from both orders.
Initially, while Rosselli contends that the Passalacquas' motion, in effect, pursuant to CPLR 3211(a) to dismiss the third-party complaint insofar as asserted against them was barred by the law of the case, this Court is not bound by the doctrine of the law of the case as established by the Supreme Court and may make its own determination (see Foley v Foley, 190 AD3d 953, 955).
The elements of a cause of action to recover damages for slander of title are "'(1) a communication falsely casting doubt on the validity of [the] complainant's title, (2) reasonably calculated to cause harm, and (3) resulting in special damages'" (39 Coll. Point Corp. v Transpac Capital Corp., 27 AD3d 454, 455, quoting Brown v Bethlehem Terrace Assoc., 136 AD2d 222, 224). "The wrongful filing for record of a document which casts a cloud upon another's title to or interest in realty is clearly such an act of publication as to give rise to an action for slander of title, if provable damages result" (Hanbidge v Hunt, 183 AD2d 700, 701 [internal quotation marks omitted]). "Special damages 'must be alleged with sufficient particularity to identify actual losses and be related causally to the alleged tortious act[ ]'" (Shahid v Slochowsky & Slochowsky, LLP, 208 AD3d 1381, 1383, quoting Luciano v Handcock, 78 AD2d 943, 944).
Here, accepting the facts alleged in the third-party complaint as true and according Rosselli the benefit of every possible favorable inference, Rosselli failed to state a cause of action to recover damages for slander of title, as she failed to adequately allege that special damages resulted from the Passalacquas' allegedly tortious conduct (see White Knight of Flatbush, LLC v Deacons of the Dutch Congregation of Flatbush, 159 AD3d 939, 941; Waste Distillation Tech. v Blasland & Bouck Engrs., 136 AD2d 633, 634). The only allegation of special damages by Rosselli was the commencement of the plaintiff's personal injury action against her, which was based upon her alleged ownership of the property on which the accident occurred. However, these alleged damages could not have arisen from the claimed tortious conduct, as Rosselli's slander of title cause of action is premised on the allegation that the Passalacquas wrongly declared that they owned property that she, in fact, owned. Rosselli has not explained how the Passalacquas alleged tortious conduct of filing a declaration claiming to own Rosselli's property caused the plaintiff to wrongfully commence a personal injury action against her.
Accordingly, the Supreme Court should have granted that branch of the Passalacquas' motion which was, in effect, pursuant to CPLR 3211(a) to dismiss Rosselli's slander of title cause of action insofar as asserted against them.
However, the Supreme Court properly denied that branch of the Passalacquas' motion which was, in effect, to dismiss the quiet title cause of action insofar as asserted against them. "To maintain an equitable quiet title claim, a plaintiff must allege actual or constructive possession of the property and the existence of a removable cloud on the property, which is an apparent title, such as in a deed or other instrument, that is actually invalid or inoperative" (Jasopersaud v Lewis, 222 AD3d 630, 631-632 [internal quotation marks omitted]). Contrary to the Passalacquas' contention, an expert affidavit they submitted failed to demonstrate that the allegation in the third-party complaint that the declaration constituted a cloud on Rosselli's title "'[was] not a fact at all'" and that "'no significant dispute existed regarding it,'" particularly in light of a contrary expert affidavit submitted by Rosselli (Simmons v Bell, 220 AD3d 647, 650, quoting Sokol v Leader, 74 AD3d 1180, 1182).
Further, the Supreme Court providently exercised its discretion in denying the Passalacquas' motion for leave to serve an amended answer to the third-party complaint. "'In the absence of prejudice or surprise to the opposing party, a motion to amend should be granted unless the proposed amendment is palpably insufficient or patently devoid of merit'" (Kennedy v Bracey, 219 AD3d 889, 890, quoting Deutsche Bank Natl. Trust Co. v Kreitzer, 203 AD3d 800, 803; see CPLR 3025[b]). Here, the Passalacquas' proposed statute of limitations defense to the two remaining causes of action in the third-party complaint is patently devoid of merit, as Rosselli's indemnification cause of action has not yet accrued (see McDermott v City of New York, 50 NY2d 211, 217), and a cause of action to quiet title can be asserted at any time while the claimant is in possession (see Davis v Augustopoulos, 198 AD3d 528, 529).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., CHAMBERS, MALTESE and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court