Digiacco v Grenell Is. Chapel (2025 NY Slip Op 00561)

DiGiacco v Grenell Is. Chapel

2025 NY Slip Op 00561

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, NOWAK, AND HANNAH, JJ.

844 CA 23-01570

[*1]ROBERT DIGIACCO, PLAINTIFF-APPELLANT, ET AL., PLAINTIFF,
v
GRENELL ISLAND CHAPEL, A NOT-FOR-PROFIT CORPORATION, DEFENDANT-RESPONDENT. 

BOUSQUET HOLSTEIN, PLLC, SYRACUSE (JAMES L. SONNEBORN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
BARCLAY DAMON, LLP, SYRACUSE (KAYLA A. ARIAS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered September 8, 2023. The order granted defendant's motion for partial summary judgment dismissing plaintiff's fourth and fifth causes of action. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the fourth cause of action, and as modified the order is affirmed without costs.
Memorandum: Robert DiGiacco (plaintiff) commenced this action seeking, inter alia, to resolve a dispute over the ownership of certain riparian rights on waterfront property located on Grenell Island in the Saint Lawrence River. On this appeal, plaintiff contends that Supreme Court erred in granting defendant's motion for partial summary judgment dismissing the fourth and fifth causes of action. We conclude that the court properly granted that part of the motion with respect to the fifth cause of action but erred in granting the motion with respect to the fourth cause of action. We therefore modify the order accordingly.
In 1865, nonparty Lucy M. Grenell purchased the island and subdivided it into various lots (see Johnson v Grenell, 188 NY 407, 408 [1907]). Plaintiff owns lots 68 through 70, which are inland lots. Defendant, a not-for-profit corporation, owns lot 90, a waterfront lot. In 1899, lot 68 was transferred to a nonparty with no grant of any riparian rights. In 1901, lot 94, another inland lot, was transferred to nonparty Fred Caswell with an allowance for "twenty feet from the Eastside of [the] present boat House for privilege of boat House." Later that year, lot 90 was transferred to various individuals as trustees of defendant.
Throughout the years, the properties were sold to various individuals. The deeds for lot 94 continued to grant the buyers riparian rights as outlined in the original deed to Caswell. In 1951, the owners of lot 94 purchased lot 68. In 1972, those owners sold lot 68 to a third party, but purported to grant them certain riparian rights that had been afforded to lot 94 in the original deed to Caswell, while also refiling their own deed retaining some of those rights for lot 94. Ultimately, the new owners of lot 68, who also came to own lots 69 and 70, transferred those properties to plaintiff, adding into the deed the riparian rights granted to lot 68 in the 1972 deed.
In 2011, the prior owners of lot 90, i.e., the only waterfront lot at issue, transferred that property and several other properties to defendant, including "the riparian rights . . . adjacent to [l]ot 90." That transfer was "[s]ubject only to the exercise of the public easement as to the streets and roads . . . , and not the riparian rights."
Following the filing of the 2011 deed, plaintiff commenced this action, contending that he [*2]had riparian rights to the shoreline off of lot 90 and that defendant's title interfered with, or clouded, title to his property. As noted, defendant moved for partial summary judgment dismissing the fourth and fifth causes of action, and the court granted that motion.
We reject plaintiff's contention that the court erred in granting the motion with respect to the fifth cause of action, for slander of title. The elements for that cause of action are: "(1) a communication falsely casting doubt on the validity of [the] complainant's title, (2) reasonably calculated to cause harm, and (3) resulting in special damages" (Brown v Bethlehem Terrace Assoc., 136 AD2d 222, 224 [3d Dept 1988]; see 39 Coll. Point Corp. v Transpac Capital Corp., 27 AD3d 454, 455 [2d Dept 2006]; Fink v Shawangunk Conservancy, Inc., 15 AD3d 754, 756 [3d Dept 2005]). Although this Court stated, in Regan v Lanze (42 AD2d 831, 831 [4th Dept 1973]), that "[a]n action for slander of title is maintainable only on a showing of malice" (see Properties Hacker, LLC v City of New York, 189 AD3d 589, 591 [1st Dept 2020]), that statement did not create a fourth element. Rather, we conclude that the use of the word "malice" was merely another way to say that the statements were reasonably calculated to cause harm (see generally Kendall v Stone, 5 NY 14, 18-19 [1851]; Holmes v Young, 6 NYS 924, 926 [4th Dept 1889]). Contrary to plaintiff's contention, defendant met its burden on the motion of establishing that no special damages have been incurred by plaintiff.
A cause of action for slander of title does not arise upon the recording of a deed or assignment that clouds title, but instead arises when "special damages actually result," i.e., "from the time when pecuniary loss is incurred" (Rosenbaum v City of New York, 8 NY3d 1, 12 [2006]). "Special damages must be alleged with sufficient particularity to identify actual losses and be related causally to the alleged tortious act[ ]" (Irizarry v Rosselli, 229 AD3d 778, 780 [2d Dept 2024] [emphasis added & internal quotation marks omitted]). "The most usual manner in which a [slander of title] causes pecuniary loss is by preventing a sale to a particular purchaser" (Rosenbaum, 8 NY3d at 12; see Hanbidge v Hunt, 183 AD2d 700, 701 [2d Dept 1992]).
To the extent that plaintiff asserts in the fifth cause of action that he suffered any diminution of value to his property, we conclude that defendant established that plaintiff has not yet actually sustained any such diminution in value or other special damages. The alleged diminution in value is speculative and does not constitute actual pecuniary damages (see generally Rosenbaum, 8 NY3d at 12; Hanbidge, 183 AD2d at 701; cf. generally Cromarty v Prentice-Hall, 72 AD2d 782, 783 [2d Dept 1979]; Maglio v New York Herald Co., 83 App Div 44, 44 [2d Dept 1903]).
We reject plaintiff's claim that he sustained actual, pecuniary loss as a result of prosecuting this action in order to clear title to his property. We recognize that there is some support for the proposition that pecuniary loss includes "the expenses of measures reasonably necessary to counteract the publication, including litigation to remove the doubt cast upon vendibility or value by disparagement" (Restatement [Second] of Torts, § 633 [1] [b] [1977]; see 4 Pattern Discovery: Tort Actions § 41:11 [May 2024 update]; see also Parkin v Cornell Univ., 78 NY2d 523, 530 [1991]). Parkin, however, is distinguishable inasmuch as, unlike here, the plaintiffs in Parkin commenced a civil action seeking special damages for abuse of process, i.e., they sought to recover litigation expenses incurred in a prior criminal proceeding (78 NY2d at 530). Here, plaintiff is seeking costs and fees in the original civil action. Were the costs of litigation to clear title deemed a sufficient measure of special damages to support the cause of action, then every slander of title action would contain special damages and that would obviate the holding of Rosenbaum (8 NY3d at 12). We decline to make such a determination. Under the general rule, "attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule" (Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]).
We agree with plaintiff, however, that the court erred in granting the motion with respect to the fourth cause of action seeking reformation of defendant's deed to remove any cloud of title. There are material issues of fact whether plaintiff was granted riparian rights to some part of the shore of lot 90 before lot 90 was deeded to defendant's predecessors and thus whether reformation of defendant's deed would be required to remove a cloud from title to the lots owned by plaintiff (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court